United States District Court
Western District of Texas
San Antonio Division

United States of America,
   Plaintiff,

v.

Troy F. Jones, Jr.,
   Defendant.

No. 5:20-CV-00601

## Complaint

1. The mission of the United States Department of Veterans Affairs ("VA") is to care for United States military veterans and their eligible dependents. As part of that mission, the VA is charged with comprehensive aspects of managing the veteran's disability compensation program.

2. A veteran that is disabled, as a result of a personal injury or disease while in active service may be eligible, under 38 C.F.R. Part 3, Subpart A, to receive monetary support from the VA in the form of VA disability compensation. In determining eligibility for disability compensation, the VA relies extensively on the factual representations of the veteran concerning his or her disability. The VA then uses a rating schedule that represents, as far as can practicably be determined, the reductions in earning capacity from specific injuries or combination of injuries resulting from a disability. 38 C.F.R. §§ 3.321, 1155. Disability compensation claims must also be accompanied by adequate medical evidence, or a VA examination will be authorized. 38 C.F.R. § 3.326.

3. Social Security disability insurance benefits are authorized by Title II of the Social Security Act and are funded by Social Security taxes. The disability insurance program provides income to individuals who are caused to be placed into involuntary, premature retirement, provided they are both insured and disabled, regardless of indigence. A claimant for Social Security

disability insurance can collect benefits for up to twelve months of disability prior to filing an application. *See* 20 C.F.R. §§ 404.131, 404.315.

4. Applicants seeking benefits under this statutory provision must prove "disability" within the meaning of the Social Security Act. *See* 42 U.S.C. § 423(d); 20 C.F.R. § 404.1505(a). Under Title II, disability is defined as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Determinations as to Social Security disability benefit eligibility, like eligibility for VA disability benefits, rely extensively upon factual representations by the applicant.

5. This action seeks triple damages and civil money penalties under the False Claims Act based upon the false claims and false records or statements made or used by Defendant, Troy F. Jones, Jr., in order to obtain benefits from both the VA and the Social Security Administration ("SSA"). Alternatively, this action seeks damages for payment by mistake of fact, unjust enrichment, and conversion.

**Parties**

6. Plaintiff is the United States of America.

7. Defendant is Troy F. Jones, Jr., a resident of Boerne, Texas.

**Jurisdiction and Venue**

8. This Court has jurisdiction under 31 U.S.C. § 3732(a) and 28 U.S.C. § 1345.

9. Venue is proper in the Western District of Texas under 28 U.S.C. § 1391(b) and 31 U.S.C. §3732(a) because the conduct which gave rise to this complaint occurred here.

**Statement of the Case**

10. On August 24, 2017, the SSA received information that Troy F. Jones, Jr., had been fabricating symptoms of a physical disorder to gain financial compensation pursuant to Title II, Disability Insurance Benefits (DIB) and VA disability compensation.

11. Jones is a Veteran of the Gulf War Era and Peacetime. He served in the Air Force from June 30, 1988 to August 28, 1996, and the Army from November 26, 2012 to April 3, 2014, and June 2, 2014 to September 10, 2014.

12. Jones was deployed to Germany with the Texas Air National Guard in June 2014. While in Germany, Jones called emergency services and reported he was experiencing headaches and numbness in his left extremities. He was discharged from the hospital after multiple medical tests showed no abnormalities. In August 2014, Jones returned to Texas with a slight limp.

13. Jones filed his initial claim for SSA disability benefits online on October 31, 2014, alleging an onset date of July 14, 2014, stemming from a claimed stroke in Germany. His claimed illnesses, injuries, or conditions were listed as S/P[1] stroke, left side paralysis – below knee, left arm weakness and control problem, peripheral vision loss in left eye, hearing loss in left ear, back pain, and inability to drive.

14. On March 2, 2015, Jones attended a consultative examination at Presidio Medical Management, Inc. based on a request from the Department of Assistive and Rehabilitative Services, Disability Determination Services (DDS) at Presidio Medical Management, Inc. During the examination, Jones reported that he could not perform activities such as shop without assistance; travel without a companion for assistance; ambulate without the use of an assistive

---

[1] *S/P* is a shorthand medical term for *after*.

device; or drive an automobile. Jones claimed he could not lift or carry more than 20 pounds and could not sit or stand more than an hour or walk more than two hours.

15. SSA found Jones disabled on March 6, 2015. Jones was awarded DIB with an onset date of July 14, 2014. When he began receiving monthly payments, they were retroactive to the onset date.

16. Jones filed an initial claim for VA disability benefits on or about September 21, 2015. The VA issued a rating decision on March 25, 2016, with an effective date of October 20, 2015. The decision granted service connection for several different disabilities, one of which was a 100% rating for left upper and lower extremity hemiplegia[2] with loss of use, complex migraines, and left shoulder degenerative arthritis. As a result of this rating decision, Jones began to receive $4,180.65 per month on November 1, 2015. He also received a retroactive payment of $22,815.73.

17. On August 29, 2016, Jones filed a claim for increased evaluation. This claim was primarily to request an increase in Jones' Special Monthly Compensation payments related to his 100% service-connected rating for hemiplegia. He also requested an increase in compensation for vision loss (he was rated at 10% at the time of the request). On December 28, 2016, Jones received a rating decision granting that claim, with an effective date of August 29, 2016. As a result, he began to receive $4,887.42 per month on September 1, 2016. He also received a retroactive payment of $1,097.86.

18. On September 20, 2017, the SSA Office of the Inspector General ("OIG"), following a tip regarding fabricated symptoms, executed an undercover operation consisting of a continuing disability review in an effort to obtain video and audio statements from Jones regarding his

---

[2] *Hemiplegia* is commonly defined as total or partial paralysis of one side of the body that results from disease or injury to the motor centers of the brain.

**Complaint**  4

functional limitations and ability to continue to receive DIB. During the interview, the Claims Representative asked Jones a series of questions regarding Jones' medical conditions and daily activities. Jones reported his primary physical conditions are left side hemiplegia (paralysis), severe migraines, pain in lower back, left eye peripheral vision loss, and issues of bladder control.

19. On October 16, 2017, the SSA OIG interviewed Jones' former spouse, Deeda "Dee" Ackermann. According to Ms. Ackermann, by mid-August 2014, one month after the incident in Germany that allegedly caused Jones' claimed paralysis and provided the basis for his application for DIB, Jones regained complete physical functionality. In support of this statement, Ms. Ackermann provided SSA OIG with several photographs taken between August 2014 and June 2015 that show Jones making ice cream for children with a manual crank, raking leaves, and walking without assistance.

20. Ms. Ackermann also provided information related to her marriage to and honeymoon with Jones, which occurred in April 2015. Ms. Ackermann related that the couple actively hiked together in Albuquerque, New Mexico. One month prior to that, Jones had sought healthcare services for his medical condition, claiming to medical professionals that he could not perform activities like shopping without assistance, traveling without assistance, ambulating without the use of an assisted device, and driving an automobile. Ms. Ackermann denied that Jones suffered any functional limitations and provided a video of their marriage ceremony in which Jones ambulates without assistance.

21. Ms. Ackermann also provided home surveillance video taken in May 2017 showing Jones' ability to ambulate without assistance and showing full physical functionality.

22. In February 2018, the VA OIG and SSA OIG interviewed Jones' primary care physician, Dr. Stephen Short. After viewing the May 2017 video, Dr. Short opined that based on his medical knowledge, Jones appeared to be fabricating symptoms of his physical disorder.

23. Later the same month, VA OIG and SSA OIG interviewed Jones' neurologist, Dr. Santiago Palacio, regarding allegations that Jones was possibly malingering. After viewing the May 2017 video, Dr. Palacio stated that someone who suffers from left-side hemiplegia would require the use of a wheelchair or, possibly a cane to ambulate. Based on the videos and Dr. Palacio's previous examination of Jones, Dr. Palacio called into question Jones' claim that he had suffered a stroke.

24. A local day spa that Jones frequented between January 2015 and May 2018 also confirmed that Jones did not use a wheelchair or any other type of assistive device to ambulate or walk when he would enter the spa and treatment room. Jones' credit card receipts and cash withdrawals correspond with the day spa's appointment book.

25. Based on this investigation, both the VA OIG and the SSA OIG determined that Jones had fraudulently obtained benefits. Specifically, the agencies concluded that Jones was able to ambulate without the use of assistive devices.

26. Jones should not have received any compensation from SSA, because the entirety of the benefits Jones received was based on his false assertion that he could not ambulate. The rate of overpayment to Jones and his dependent children (S. Jones and A. Jones) by the SSA is indicated in the chart below:

| Beneficiary | Eff. Date | New Rate | Old Rate | x Months | Overpayment |
|---|---|---|---|---|---|
| T. Jones | 02/2015 | $ 0.00 | $ 3,034.00 | 1 | $ 3,034.00 |
| T. Jones | 03/2015 | $ 0.00 | $ 1,517.00 | 5 | $ 7,585.00 |
| T. Jones | 08/2015 | $ 0.00 | $ 1,137.70 | 3 | $ 3,413.10 |
| T. Jones | 11/2015 | $ 0.00 | $ 1,162.50 | 1 | $ 1,162.50 |
| T. Jones | 12/2015 | $ 0.00 | $ 1,140.00 | 12 | $ 13,680.00 |

**Complaint** 6

| | | | | | | |
|---|---|---|---|---|---|---|
| T. Jones | 12/2016 | $ 0.00 | $ 1,042.50 | 6 | $ | 6,255.00 |
| T. Jones | 06/2017 | $ 0.00 | $ 1,390.00 | 6 | $ | 8,340.00 |
| T. Jones | 12/2017 | $ 0.00 | $ 1,421.00 | 5 | $ | 7,105.00 |
| S. Jones | 04/2015 | $ 0.00 | $ 1,516.00 | 1 | $ | 1,516.00 |
| S. Jones | 05/2015 | $ 0.00 | $ 379.00 | 6 | $ | 2,274.00 |
| S. Jones | 11/2015 | $ 0.00 | $ 390.00 | 1 | $ | 390.00 |
| S. Jones | 12/2015 | $ 0.00 | $ 380.00 | 12 | $ | 4,560.00 |
| S. Jones | 12/2016 | $ 0.00 | $ 381.00 | 12 | $ | 4,572.00 |
| S. Jones | 12/2017 | $ 0.00 | $ 388.00 | 5 | $ | 1,940.00 |
| A. Jones | 04/2015 | $ 0.00 | $ 1,516.00 | 1 | $ | 1,516.00 |
| A. Jones | 05/2015 | $ 0.00 | $ 379.00 | 6 | $ | 2,274.00 |
| A. Jones | 11/2015 | $ 0.00 | $ 390.00 | 1 | $ | 390.00 |
| A. Jones | 12/2015 | $ 0.00 | $ 380.00 | 12 | $ | 4,560.00 |
| A. Jones | 12/2016 | $ 0.00 | $ 381.00 | 12 | $ | 4,572.00 |
| A. Jones | 12/2017 | $ 0.00 | $ 388.00 | 5 | $ | 1,940.00 |
| | | | Voluntary Federal Income Tax Withholdings | | $ | 8,745.00 |
| | | | **Total Overpayment** | | $ | 89,249.00 |

27. The amount of overpayment to Jones by the VA is demonstrated in the chart below. The rate Jones should have received is reflected in the chart below as the "new rate." The difference annotated in the chart below is the amount of compensation that Jones was not entitled to receive:

| Eff. Date | New Rate | Old Rate | Difference | x Months | Overpayment |
|---|---|---|---|---|---|
| 10/01/15 | $ 1,328.09 | $ 2,301.48 | -$973.39 | 1 | $ 973.39 |
| 11/01/15 | $ 1,328.09 | $ 4,613.16 | -$3,285.07 | 10 | $ 32,850.70 |
| 09/01/16 | $ 1,328.09 | $ 4,887.42 | -$3,559.33 | 1 | $ 3,559.33 |
| 10/01/16 | $ 1,328.09 | $ 4,887.42 | -$3,559.33 | 2 | $ 7,118.66 |
| 12/01/16 | $ 1,331.27 | $ 4,902.08 | -$3,570.81 | 12 | $ 42,849.72 |
| 12/01/17 | $ 1,357.52 | $ 3,918.23 | -$2,560.71 | 1 | $ 2,560.71 |

| | |
|---|---|
| **Total Overpayment** | $ 89,912.51 |

**Complaint** 7

28. On June 22, 2017, Jones also received from the VA an automobile grant for $20,235.20, because of his 100% loss of use rating. Like Jones' other federal claims for benefits, because of misrepresentations regarding his physical condition, Jones was not entitled to this grant.

29. As a result of Jones knowingly making, using, or causing to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly concealing or knowingly and improperly avoiding or decreasing an obligation to pay or transmit money or property to the Government, the VA and SSA paid benefits to which there was no entitlement in the amount of $199,396.71.

## First Cause of Action
## False Claims Act, 31 U.S.C. § 3729(a)(1)(B)

30. The United States re-alleges and incorporates the preceding paragraphs.

31. By means of the acts described above, Defendant knowingly made or used, or caused to be made or used, a false record or statement, which was submitted to the VA and the SSA, and that false record or statement, which was material to the compensation obtained, caused the payment of compensation that would otherwise have been denied.

32. The United States suffered actual damages of at least $199,396.71 and is entitled to treble damages ($598,190.13) and civil penalties under the False Claims False Claims Act, 31 U.S.C. § 3729 *et seq*. as amended.

## Second Cause of Action
## False Claims Act, 31 U.S.C. § 3729(a)(1)(G)

33. The United States re-alleges and incorporates the preceding paragraphs.

34. By virtue of the acts described above, Jones knowingly made, used, or caused to be made or used, a false record or statement, or omission material to an obligation to pay or transmit money or property to the Government, and knowingly concealed or knowingly and improperly

avoided or decreased an obligation to pay or transmit money or property to the Government, all in violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(G).

35. The United States suffered actual damages of at least $199,396.71, and is entitled to treble damages and civil penalties under the False Claims Act, 31 U.S.C. § 3729 *et seq.* as amended.

### Third Cause of Action
### Payment by Mistake of Fact

36. The United States re-alleges and incorporates the preceding paragraphs.

37. As a result of the conduct described above, Jones obtained federal funds that were not properly payable to him.

38. At the time such payments were made, the United States, through the VA and SSA, was not aware of Jones's wrongful conduct. Had the VA and SSA known that Jones was not disabled to the extent that he represented, the agencies would not have approved payment of his VA or SSA benefits. All payments made based on Jones's assertions of his disability were done by mistake of fact.

39. As a consequence, the United States is entitled to recover those funds, which were obtained by Jones, in the amount of $199,396.71.

### Fourth Cause of Action
### Unjust Enrichment

40. The United States re-alleges and incorporates the preceding paragraphs.

41. As a result of the conduct described above, Jones obtained federal funds to which he was not entitled.

42. In consequence of the acts set forth above, Jones has been unjustly enriched at the expense of the United States under circumstances directing that in equity and good conscious, the money should be returned to the United States.

### Fifth Cause of Action
### Conversion

43. The United States re-alleges and incorporates the preceding paragraphs.

44. This is a claim for conversion of government property.

45. Jones obtained funds belonging to the United States.

46. Jones retained, dissipated, and failed to return VA and SSA benefit funds to the United States.

47. Jones wrongfully exercised dominion and control over VA and SSA benefit funds to the exclusion of and inconsistent with the rights of the United States.

48. Jones acted with malice.

49. Jones's continuous and long-term acceptance, taking, and dispensing of funds was wanton and malicious.

50. Jones is liable to the United States for actual and exemplary damages, in amounts to be determined at trial.

### Conclusion

WHEREFORE, Plaintiff prays that that the Court grant judgment for the United States against Jones as follows:

- For civil penalties for each false claim, pursuant to 31 U.S.C. § 3729(a);

- For three times the amount of actual damages proved, pursuant to 31 U.S.C. § 3729(a);

- For damages proved for payments made under mistake of fact, unjust enrichment, and conversion;

- For reasonable attorney's fees, costs, and expenses incurred by the United States in prosecuting this action;

- Post-judgment interest at the rates permitted by law; and

- For such other and further relief as may be appropriate and authorized by law.

                                                             Respectfully submitted,

                                                             John F. Bash
                                                             United States Attorney

By:  */s/ Lacy L. McAndrew*
       Lacy L. McAndrew
       Assistant United States Attorney
       Florida Bar No. 45507
       601 N.W. Loop 410, Suite 600
       San Antonio, Texas  78216
       (210) 384-7340 (phone)
       (210) 384-7212 (fax)
       lacy.mcandrew@usdoj.gov

       Attorneys for the Plaintiff